# Summons



In the matter of  Dennis J. Hunkler, P.O. Box 306 Barnesville, OH 43713
Internal Revenue Service (Division):  Small Business/Self Employed
Industry/Area (name or number):  SE:S:E:CA:SPR:1403
Periods:  January 1, 2008 - December 31, 2008 and January 1, 2010 - December 31, 2010

## The Commissioner of Internal Revenue

To:  Citizens National Bank

At:  143 S Main St. Woodsfield, OH 43793

You are hereby summoned and required to appear before  Timothy O'Boyle, I.D. # 209757, or his designee
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

Dennis J. Hunkler    SS# 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
P.O. Box 306
Barnesville, OH 43713

See Attachment A

**Do not write in this space**

Business address and telephone number of IRS officer before whom you are to appear:
1 Kalisa Way Paramus, NJ 07652  201-986-5135

Place and time for appearance at  Internal Revenue Services, 1 Kalisa Way 3rd Floor, Paramus, NJ 07652

**IRS**  on the __26th__ day of __February__ __2014__ at __10__ o'clock __a__ m.
Issued under authority of the Internal Revenue Code this __27__ day of __January__, __2014__.

Department of the Treasury
Internal Revenue Service
www.irs.gov

_Signature of issuing officer_   Revenue Agent — Title
_Signature of approving officer (if applicable)_   Group Manager — Title

Form 2039 (Rev. 12-2008)
Catalog Number 21405J

Part C — to be given to noticee



# Provisions of the Internal Revenue Code

### Sec. 7602. Examination of books and witnesses

(a) Authority to Summon, etc. - For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary is authorized -

  (1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry,
  (2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary may deem proper, to appear before the Secretary at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such inquiry; and
  (3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

(b) Purpose may include inquiry into offense. - The purposes for which the Secretary may take any action described in paragraph (1), (2), or (3) of subsection (a) include the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws.

(c) Notice of contact of third parties. -
  (1) General Notice. - An officer or employee of the Internal Revenue Service may not contact any person other than the taxpayer with respect to the determination or collection of the tax liability of such taxpayer without providing reasonable notice in advance to the taxpayer that contacts with persons other than the taxpayer may be made.
  (2) Notice of specific contacts. - The Secretary shall periodically provide to a taxpayer a record of persons contacted during such period by the Secretary with respect to the determination or collection of the tax liability of such taxpayer. Such record shall also be provided upon request of the taxpayer.
  (3) Exceptions. - This subsection shall not apply-
    (A) to any contact which the taxpayer has authorized,
    (B) if the Secretary determines for good cause shown that such notice would jeopardize collection of any tax or such notice may involve reprisal against any person, or
    (C) with respect to any pending criminal investigation.

(d) No administrative summons when there is Justice Department referral.-
  (1) Limitation of authority. - No summons may be issued under this title, and the Secretary may not begin any action under section 7604 to enforce any summons, with respect to any person if a Justice Department referral is in effect with respect to such person.
  (2) Justice Department referral in effect. - For purposes of this subsection-
    (A) In general. - A Justice Department referral is in effect with respect to any person if-
      (i) the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws or
      (ii) any request is made under section 6103(h)(3)(B) for the disclosure of any return or return information (within the meaning of section 6103(b)) relating to such person.
    (B) Termination. - A Justice Department referral shall cease to be in effect with respect to a person when-
      (i) the Attorney General notifies the Secretary, in writing, that -
        (I) he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws,
        (II) he will not authorize a grand jury investigation of such person with respect to such an offense, or
        (III) he will discontinue such a grand jury investigation.
      (ii) a final disposition has been made of any criminal proceeding pertaining to the enforcement of the internal revenue laws which was instituted by the Attorney General against such person, or
      (iii) the Attorney General notifies the Secretary, in writing, that he will not prosecute such person for any offense connected with the administration or enforcement of the internal revenue laws relating to the request described in subparagraph (A)(ii).
  (3) Taxable years, etc., treated separately. - For purposes of this subsection, each taxable period (or, if there is no taxable period, each taxable event) and each tax imposed by a separate chapter of this title shall be treated separately.

(e) Limitation on examination on unreported income. - The Secretary shall not use financial status or economic reality examination techniques to determine the existence of unreported income of any taxpayer unless the Secretary has a reasonable indication that there is a likelihood of such unreported income.

---

Authority to examine books and witness is also provided under sec. 6420 (e)(2) - Gasoline used on farms: sec. 6421(g)(2) - Gasoline used for certain nonhighway purposes by local transit systems, or sold for certain exempt purposes; and sec. 6427(j)(2) - Fuels not used for taxable purposes.

* * * * *

### Sec. 7603. Service of summons

(a) In general - A summons issued under section 6420(e)(2), 6421(g)(2), 6427(j)(2), or 7602 shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode; and the certificate of service signed by the person serving the summons shall be evidence of the facts it states on the hearing of an application for the enforcement of the summons. When the summons requires the production of books, papers, records, or other data, it shall be sufficient if such books, papers, records, or other data are described with reasonable certainty

(b) Service by mail to third-party recordkeepers. -
  (1) In general. - A summons referred to in subsection (a) for the production of books, papers, records, or other data by a third-party recordkeeper may also be served by certified or registered mail to the last known address of such recordkeeper.
  (2) Third party record keeper. - For purposes of paragraph (1), the term *third-party recordkeeper* means -
    (A) any mutual savings bank, cooperative bank, domestic building and loan association, or other savings institution chartered and supervised as a savings and loan or similar association under Federal or State law, any bank (as defined in section 581), or any credit union (within the meaning of section 501 (c)(14)(A));
    (B) any consumer reporting agency (as defined under section 603(f) of the Fair Credit Reporting Act (15 U.S.C. 1681 a(f));
    (C) Any person extending credit through the use of credit cards or similar devices;
    (D) any broker (as defined in section 3(a)(4) of the Securities Exchange Act of 1934 (15 U.S.C. 78c(a)(4));
    (E) any attorney;
    (F) any accountant;
    (G) any barter exchange (as defined in section 6045(c)(3));
    (H) any regulated investment company (as defined in section 851) and any agent of such regulated investment company when acting as an agent thereof;
    (I) any enrolled agent; and
    (J) any owner or developer of a computer software source code (as defined in section 7612(d)(2)). Subparagraph (J) shall apply only with respect to a summons requiring the production of the source code referred to in subparagraph (J) or the program and data described in section 7612(b)(1)(A)(ii) to which source code relates.

### Sec. 7604. Enforcement of summons

(a) Jurisdiction of District Court. - If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, records, or other data, the United States district court for the district in which such person resides or is found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, records, or other data.

(b) Enforcement. - Whenever any person summoned under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 neglects or refuses to obey such summons, or to produce books, papers, records, or other data, or to give testimony, as required, the Secretary may apply to the judge of the district court or to a United States Commissioner[1] for the district within which the person so summoned resides or is found for an attachment against him as for a contempt. It shall be the duty of the judge or commissioner[1] to hear the application, and, if satisfactory proof is made, to issue an attachment, directed to some proper officer, for the arrest of such person, and upon his being brought before him to proceed to a hearing of the case; and upon such hearing the judge or the United States Commissioner[1] shall have power to make such order as he shall deem proper, not inconsistent with the law for the punishment of contempts, to enforce obedience to the requirements of the summons and to punish such person for his default or disobedience.

[1] Or United States magistrate, pursuant to P.L. 90-578.

* * * * *

### Sec. 7605. Time and place of examination

(a) Time and place. - The time and place of examination pursuant to the provisions of section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602 shall be such time and place as may be fixed by the Secretary and as are reasonable under the circumstances. In the case of a summons under authority of paragraph (2) of section 7602, or under the corresponding authority of section 6420(e)(2), 6421 (g)(2) or 6427(j)(2), the date fixed for appearance before the Secretary shall not be less than 10 days from the date of the summons.

### Sec. 7610. Fees and costs for witnesses

(a) In general. - The secretary shall by regulations establish the rates and conditions under which payment may be made of -
  (1) fees and mileage to persons who are summoned to appear before the Secretary, and
  (2) reimbursement for such costs that are reasonably necessary which have been directly incurred in searching for, reproducing, or transporting books, papers, records, or other data required to be produced by summons.

(b) Exceptions. - No payment may be made under paragraph (2) of subsection (a) if -
  (1) the person with respect to whose liability the summons is issued has a proprietary interest in the books, papers, records or other data required to be produced, or
  (2) the person summoned is the person with respect to whose liability the summons is issued or an officer, employee, agent, accountant, or attorney of such person who, at the time the summons is served, is acting as such.

(c) Summons to which section applies. - This section applies with respect to any summons authorized under section 6420(e)(2), 6421 (g)(2), 6427(j)(2), or 7602.

### Sec. 7210. Failure to obey summons

Any person who, being duly summoned to appear to testify, or to appear and produce books, accounts, records, memoranda or other papers, as required under sections 6420(e)(2), 6421(g)(2), 6427(j)(2), 7602, 7603, and 7604(b), neglects to appear or to produce such books, accounts, records memoranda, or other papers, shall, upon conviction thereof, be fined not more than $1,000, or imprisoned not more than 1 year, or both, together with costs of prosecution.

Form 2039 (Rev. 12-2008)

# SUMMONS ATTACHMENT A
## ISSUED TO Citizens National Bank

All documents and records in your possession or under your Company's control reflecting the file concerning:

Name(s):   Dennis J. Hunkler – SS#: █████████

   Address:   P.O. Box 306
              Barnesville, OH 43713

All documents and records in your possession or control reflecting the receipt of income for the period January 1, 2008 through December 31, 2008 and January 1, 2010 through December 31, 2010, including but not limited to:

1. All monthly statements (checking, savings, brokerage, investment, money market, time deposits, etc.), cancelled checks, deposit items and deposit slips for all accounts maintained during the periods listed, whether open or closed.
2. Record of activity of all savings accounts, including deposits and withdrawals, maintained during the periods listed, whether opened or closed.
3. Copies of any applications for loans or mortgages made during the period listed, including net worth statements.
4. Proceeds checks and repayment ledgers for all loans or mortgages maintained during the above periods, whether open or closed.
5. Records of mortgage and loan history including applications, agreements, financial statements, loan contracts, notes, checks issued for loans, repayment records showing the dates, amounts and methods of repayment (cash or check), the annual amount of interest paid, duplicate deposit slips showing your deposits of any repayments, and records of any correspondence concerning these loans.

6. Signature cards for all accounts, whether open or closed.
7. Escrow records including, but not limited to, purchase agreements, sales agreements, loan amortization schedules, repayment ledgers, checks, disbursements, and copies of checks deposited into the escrow account(s).

The above information is requested for all accounts, including mortgages and/or loans:

- Whether maintained separately, jointly or with another individual over which any of the above named individuals maintained signature authority.
- Or maintained under any other names and/or any companies or entities over which any of the above named individuals maintained signature authority.