IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| Dennis J. Hunkler, | ) | |
| | ) | |
| Petitioner | ) | Civil Action: 1: 14-cv-00356-DCN |
| | ) | |
| v. | ) | Judge Donald C. Nugent |
| | ) | |
| United States of America, *et al.,* | ) | Magistrate Judge Kenneth S. McHargh |
| | ) | |
| Respondent | ) | **Report and Recommendation** |

This matter is before the Magistrate Judge on petitioner Dennis J. Hunkler's petition to quash the Internal Revenue Service's third party summons (Doc. 1).

Background. On January 27, 2014, Revenue Agent Timothy O'Boyle of the Internal Revenue Service ("IRS") issued an IRS summons to Citizens National Bank to appear on February 26, 2014 to give testimony and produce for examination records relative to the financial transactions of Dennis J. Hunkler. Mr. Hunkler filed a petition seeking to quash that summons arguing that (1) the IRS failed to give him timely notice required by 26 U.S.C. §7609(a)(1); (2) the IRS failed to provide him with advance notice that contact would be made with third parties; (3) the summons was issued while a referral for criminal prosecution to the Department of Justice was pending in violation of 26 §U.S.C. 7602(d)(2)(A); (4) the IRS failed to act in good faith as required by *United States v. Powell*, 379 U.S. 48 (1964); (5) and the IRS will violate banking laws and his right to privacy in causing his records to be turned over to the IRS. (Doc. 1, pages 2-4).

1

Arguments of the Parties.  In his petition to quash the Internal Revenue Service's third-party summons, Mr. Hunkler maintains that the IRS failed to give him timely notice of the summons sent to the third party as required by 26 U.S.C. §7609(a)(1). (Doc. 1, page 3). Specifically, Mr. Hunkler posits that 26 U.S.C. §7609(a)(1) requires 23 days notice prior to the date set to turn over the records requested. (Doc. 1, page 3).  In response, the United States asserts that the relevant statute declares that as the person identified in the notice of the summons, Mr. Hunkler was entitled to notice "within 3 days on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined."  26 U.S.C. §7609(a)(1).  (Doc. 5, page 7).  The United States argues that, in this case, the notice requirement was met because on January 27, 2014, Revenue Agent O'Boyle issued a summons to Citizens National Bank as well as a copy of the summons to Mr. Hunkler. (Doc. 5, page 8).

Furthermore, Mr. Hunkler maintains that the IRS failed to provide him with both notice that contact was to be made with the third party as well as periodical records of persons contacted by the IRS in regards to Mr. Hunkler, thus violating the requirements set forth in 26 U.S.C. §7602(c)(1) and (2).  (Doc. 1, page 3).  The United States responds that on January 28, 2013, prior to the issuance of the summons on January 27, 2014, Revenue Agent O'Boyle provided Mr. Hunkler with notice that the third parties would be contacted by mailing him a Letter 3164-C, Publication 1, and Notice 609.  (Doc. 5, pages 8-9).

Next, Mr. Hunkler claims that the summons was issued while a referral for criminal prosecution to the Department of Justice is pending in violation of 26 U.S.C. §7602(d)(2)(A). (Doc. 1, page 3).  The United States maintains that Revenue Agent O'Boyle's Declaration states that no Department of Justice referral is in effect for the 2008 and 2010 income tax years and that

case law supports the finding that an IRS agent's declaration that no Justice Department referral had been made was sufficient to establish that fact, thus the summons was not impermissibly issued on that basis. (Doc. 5, page 9).

Mr. Hunkler further asserts that the IRS failed to meet the standard set forth in *United States v. Powell*, 379 U.S. 48 (1964). (Doc. 1, page 3). The United States, in reply, argues that it is opposing a petition to quash an IRS third-party summons and is not seeking enforcement of the underlying summons. (Doc. 5, page 4). As such, the United States asserts that it does not have to establish a *Powell prima facie* case, but rather the burden shifts to the Mr. Hunkler to establish a valid defense to the summons. (Doc. 5, pages 4-5). Nonetheless, while the United States maintains that it is not its duty to establish a *Powell prima facie* case, the United States also posits that it has established the four factors required by *United States v. Powell*. (Doc. 5, pages 5-6). According to the United States, under *United States v. Powell*, in order to establish a prima facie case for enforcement of an IRS summons, the government must show "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within IRS's possession, and that the administrative steps required by the Code have been followed…" 379 U.S. 48, 57-58 (1964). (Doc. 5, pages 4-5).

Here, the United States asserts that it has established the four *Powell* factors. (Doc. 5, page 6). Specifically, the United States argues that the IRS is conducting the examination for the purposes of determining the correct federal income tax liabilities of Dennis J. Hunkler for the 2008 and 2010 income tax periods, and determining whether Mr. Hunkler committed any offense connected with the administration or enforcement of the internal revenue law for those taxable years. (Doc. 5, page 6,10). The United States also contends that the testimony and records sought

3

from Citizens National Bank are necessary to determine the correct federal income tax liabilities of Dennis J. Hunkler for the 2008 and 2010 income tax periods and determining whether Mr. Hunkler committed any offense connected with the administration or enforcement of the internal revenue law for those taxable years. (Doc. 5, page 6,10). Next, the United States maintains information sought by the summons is not already in the possession of the IRS. (Doc. 5, page 6,10). Lastly, the United States claims that all administrative steps required by the Internal Revenue Code for the issuance of summons have been followed. (Doc. 5, page 6,10).

The final argument Mr. Hunkler maintains is that the summons should be quashed because it was issued in violation of the banking laws and his right to privacy. (Doc. 1, page 3-4). To this argument the United States cites *United States v. McAnlis*, 721 F.2d 334, 337 (11th Cir. 1983) arguing that, as an initial matter, compliance with the Privacy Act is not a prerequisite to enforcement of an IRS summons. (Doc. 5, page 11). The United States further argues that the Supreme Court has held that privacy concerns related to third-party summonses in tax liability cases are ameliorated by the procedural and notice requirements. *Jordan*, 2011 WL 4712247 at *5 *citing Tiffany Fine Arts, Inc. v. U.S.,* 469 U.S. 310, 316, 105 S. Ct. 725, 83 L.Ed.2d 678 (1985). (Doc. 5, page 11).

In addition to the arguments the United States makes in response to Mr. Hunkler's petition to quash the summons, the United States asserts two separate arguments. First, the United States contends Mr. Hunkler has not properly served the summoned party, Citizens National Bank, by registered or certified mail within twenty (20) days of the notice of summons, as required by 26 U.S.C. §7609(b)(2)(B). (Doc. 5, page 11). Therefore, the United States maintains that the petition is subject to dismissal for lack of subject matter jurisdiction. (Doc. 5, page 12). Additionally, the United States maintains that Revenue Agent O'Boyle is not a proper

party to this proceeding and thus the Court should dismiss from him from the proceeding. (Doc. 5, page 12).

Discussion. Under 26 U.S.C § 7602(a), the Secretary of the Treasury may examine any relevant books and records and take the testimony of persons for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." In order to carry out the examination and receive testimony, the Secretary is authorized to issue administrative summonses to third parties.

The third-party summonses require special procedures to be followed under 26 U.S.C. §7609(a). Specifically, notice of the summonses must be given to any person identified within the summons "within 3 days of the day on which such service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." 26 U.S.C. §7609(a)(1). Here, on January 27, 2014, Revenue Agent O'Boyle both issued a summons to Citizens National Bank and sent of copy of that summons to Mr. Hunkler stating that Citizens National Bank must appear on February 26, 2014 to give testimony and produce for examination records relative to the financial transactions of Dennis J. Hunkler. The IRS therefore followed the special notice procedure required by 26 U.S.C. §7609(a)(1). While Mr. Hunkler argues to the contrary, his petition fails to demonstrate any basis for this argument.

In addition, under 26 U.S.C. §7609(b), any person who is entitled to notice of a summons, any person so identified in the summons, has the "right to begin a proceeding to quash such summons not later than the 20th day after the day such notice is given" in a specified manner. However, 26 U.S.C. §7609(b)(2) requires special procedures to be followed.

Furthermore, under *United States v. Powell,* 379 U.S. 48 (1964), the Supreme Court held that in order to quash the summons, the taxpayer, in this case Mr. Hunkler, must raise "a substantial question that judicial enforcement of the administrative summons would be an abusive use of the court's process." Here, Mr. Hunkler failed to meet his burden of proof demonstrating the existence of abuse of the court's process by either disproving the existence of one of the Powell factors or pointing to specific facts suggesting that the IRS issued the summons in bad faith. As stated earlier, notice of the summons was timely filed as required by 26 U.S.C. §7609(a)(1). Additionally, Mr. Hunkler was provided advance notice that contact with third parties would be made when Revenue Agent O'Boyle mailed him Letter 3164-C, Publication 1, and Notice 609 prior to the issuance of the summons. Furthermore, Mr. Hunkler provided no evidence in support of his argument that the summons was issued while a referral for criminal prosecution to the Department of Justice is pending. The United States, however, provided a Declaration from Revenue Agent O'Boyle which states that no Department of Justice referral is in effect with respect to Mr. Hunkler and the 2008 and 2010 income tax years. Even had the burden been on the United States to establish a *Powell prima facie* case demonstrating the validity of Internal Revenue Service's summons, the United States has established satisfaction of the *Powell* standard: the investigation has a legitimate purpose, the information sought may be relevant to that purpose, the information sought is not already within the IRS's possession, and the administrative steps required by the Code have been followed. *Powell v. United States, 379* U.S. 48, 57-58 (1964).

Next, Mr. Hunkler's argument that the IRS will violate banking laws and his right to privacy in causing his records to be turned over to the IRS is without merit. In *Tiffany Fine Arts, Inc. v. U.S.,* 469 U.S. 310, 316, 105 S. Ct. 725, 83 L.Ed.2d 678 (1985), the Supreme Court said,

"To deal with the problem of a third-party summons in a case in which the IRS *knows* the identity of the taxpayer being investigated, Congress enacted §§ 7609(a) and (b)." The purpose of these subsections was to require the IRS to give notice of the summons to the identified taxpayer, thus allowing the taxpayer the right "to intervene in any proceeding with respect to the enforcement of such summons." *Tiffany Fine Arts, Inc. v. U.S.,* 469 U.S. at 316 *citing* 26 U.S.C. §§ 7609(a),(b).

Moreover, the United States' assertion that the Court should dismiss this proceeding for lack of personal jurisdiction has considerable merit. Section 7609(b)(2)(A) of Title 26 of the United States Code states:

> (B) Requirement of notice to person summoned and to Secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

According to this relevant Code, Mr. Hunkler was required to mail a copy of petition to quash to Revenue Agent O'Boyle within 20 days of notice of summons. Because Mr. Hunkler failed to comply with the statutory notice requirements, this Court lacks subject matter jurisdiction to hear this action. *See Gaumer v. United States*, 685 F.Supp. 167 (N.D.Ohio 1988) ("party who had initiated proceeding to quash IRS summons required to send copy of petition proper I.R.S. agent, or persons summoned, within 20 days of notice of summons; failure to do so required conclusion that United States had not waived its sovereign immunity").

Lastly, the United States' contention that the Court should dismiss Revenue Agent Timothy O'Boyle from this proceeding also has considerable merit. An executive department of the United States or one of its agencies may only be sued in its own name if Congress has expressly conferred upon it the authority to be sued. *Blackmar v. Guerre*, 342 U.S. 512, 514–15,

7

72 S.Ct. 410, 411–12, 96 L.Ed. 534 (1952). Congress has not authorized the Treasury Department or any of its divisions or bureaus to be sued.  *Blackmar v. Guerre*, 342 U.S. at 404 *citing Henry Vlietstra Plastering & Acoustical Co. v. I.R.S.*, 401 F.Supp. 829, 832 (W.D.Mich.1975). Therefore, neither the IRS nor its employee, Revenue Agent O'Boyle, is a proper party in this proceeding.

Conclusion.  For the reasons stated above, the Magistrate Judge RECOMMENDS that petitioner Dennis J. Hunkler's February 14, 2014 petition to quash the Internal Revenue Service's third-party summons be DENIED.  The Magistrate Judge also RECOMMENDS that Revenue Agent Timothy O'Boyle and the IRS be dismissed from this proceeding.

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *Thomas v. Arn*, 474 U.S. 140, 15-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991).

   /s/ Kenneth S. McHargh  
United States Magistrate Judge