UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Dennis J. Hunkler,** | ) | **CASE NO. 1:14 CV 356** |
| | ) | |
| Petitioner, | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| | ) | **MAGISTRATE JUDGE** |
| | ) | **KENNETH S. MCHARGH** |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| **United States of America,** *et al,* | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge McHargh. The Report and Recommendation (ECF #6), issued on July 8, 2014, is hereby ADOPTED over Petitioner's objections.

Background

On January 27, 2014, Timothy O'Boyle, agent for the Internal Revenue Service ("IRS") issued an IRS summons to Citizens National Bank to appear on February 26, 2014 to give testimony and produce for examination records relative to Petitioner's financial transactions. Petitioner filed a petition to quash the summons arguing that: (1) the IRS failed to give him timely notice required by 26 U.S.C. § 7609(a)(1); (2) the IRS failed to provide him with advance notice that contact would be made with third parties; (3) the summons was issued while a referral for criminal prosecution to the Department of Justice was pending in violation of 26 U.S.C. § 7602(d)(2)(A); (4) the IRS failed to act in good faith as required by *United States v. Powell*, 379 U.S. 48 (1964); and, (5) the IRS will violate banking laws and his right to privacy in causing his records to be turned over to the IRS.

1

Standard of Review

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Because objections were filed, this Court has reviewed the case de novo.

Analysis

Section 7602(a) of Title 26 of the United States Code grants the Secretary of the Treasury the power to examine any relevant books and records and take the testimony of persons for the purpose of "ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability." In order to carry out this duty, the Secretary is authorized to issue administrative summonses to third parties.

In his petition to quash, Petitioner argues that: (1) the IRS violated 26 U.S.C. § 7609(a)(1) by failing to give him timely notice; (2) the IRS violated 26 U.S.C. § 7602(c)(1) and (2) by failing to provide him with advance notice that contact would be made with third parties; (3) the IRS violated 26 U.S.C. § 7602(d)(2)(A) when a summons was issued while a referral for criminal prosecution to the Department of Justice was pending; (4) the IRS failed to act in good

faith as required by *United States v. Powell*, 379 U.S. 48 (1964); and, (5) the IRS will violate banking laws and his right to privacy in causing his records to be turned over to the IRS.

A.  Timely Notice Argument

In his petition to quash, Petitioner argues that the IRS failed to give him timely notice of the summons sent to the third party, in this case Citizens National Bank, as required by 26 U.S.C. § 7609(a)(1). Under 26 U.S.C. § 7609(a)(1), notice of the summonses must be given to any person identified within the summonses "within 3 days of the day on which service is made, but no later than the 23rd day before the day fixed in the summons as the day upon which such records are to be examined." Here, Revenue Agent O'Boyle issued, on January 27, 2014, a summons to Citizens National Bank and sent a copy of that summons to Petitioner stating that Citizens National Bank must appear on February 26, 2014 to give testimony and produce for examination records relative to Petitioner's financial records. Therefore, the IRS followed the procedure required under 26 U.S.C. § 7609(a)(1).

B.  Advanced Notice Argument

Petitioner argues that the IRS violated 26 U.S.C. § 7602(c)(1) and (2) when it failed to provide him with notice that contact was to be made with the third party and periodical records of persons contacted by the IRS in regards to Petitioner. Here, the IRS provided Petitioner with advance notice that it would contact Citizens National Bank, the third party in this case, when Revenue Agent O'Boyle mailed him Letter 3164-C, Publication 1, and Notice 609 prior to the issuance of the summons. Thus, the IRS did provide advance notice to Petitioner.

C. <u>Criminal Prosecution Argument</u>

Petitioner next argues that the IRS issued the summons while a referral for criminal prosecution to the Department of Justice was pending in violation of 26 U.S.C. § 7602(d)(2)(A). Section 7602(d)(2)(A) states that "[a] Justice Department referral is in effect with respect to any person if the Secretary has recommended to the Attorney General a grand jury investigation of, or the criminal prosecution of, such person for any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(d)(2)(A). Here, Petitioner failed to provide any evidence in support of his claim that the IRS issued the summons while a referral for criminal prosecution to the Department of Justice was pending. However, the United States provided a declaration from Revenue Agent O'Boyle, which stated that no Department of Justice referral is in effect with respect to Petitioner for the 2008 and 2010 income tax years. Thus, Petitioner failed to prove his claim that the IRS issued the summons while a referral for criminal prosecution to the Department of Justice was pending.

D. <u>Good Faith Argument</u>

Next, Petitioner argues that the IRS failed to act in good faith as required under *United States v. Powell*. Under *United States v. Powell*, in order to enforce an IRS summons the government must show "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within IRS's possession, and that the administrative steps required by the Code have been followed . . ." 379 U.S. 48, 57-58 (1964). Furthermore, under *United States v. Powell*, the Supreme Court held that in order to quash the summons, the tax payer must raise "a substantial question that judicial enforcement of the administrative summons would be an abusive use of the

court's process." 379 U.S. 48 (1964).

Here, Petitioner failed to meet his burden of proof demonstrating the existence of abuse of the court's process by either disproving the existence of one of the *Powell* factors or pointing to specific facts proving that the IRS issued the summons in bad faith. Thus, Petitioner failed to meet his burden, and the IRS did act in good faith.

E.   Banking Laws and Right to Privacy Argument

Finally, Petitioner argues that the summons should be quashed because the IRS issued it in violation of the banking laws and his right to privacy. This argument is without merit. The Supreme Court, in *Tiffany Fine Arts, Inc. v. U.S.*, stated, "[t]o deal with the problem of a third-party summons in a case in which the IRS *knows* the identity of the taxpayer being investigated, Congress enacted §§ 7609(a) and (b)." 468 U.S. 310, 316 (1985). The purpose of these subsections was to require the IRS to give notice of the summons to the identified taxpayer, thus allowing the taxpayer the right "to intervene in any proceeding with respect to the enforcement of such summons." *Tiffany Fine Arts, Inc. v. U.S.*, 468 U.S. at 316 *citing* 26 U.S.C. §§ 7609(a) and (b).

F.   United States' Arguments

The United States asserts two of its own arguments, in addition to the arguments in response to Petitioner's petition to quash the summons. First, the United States argues that Petitioner failed to meet 26 U.S.C. § 7609(b)(2)(B). Section 7609(b)(2)(B) of Title 26 of the United States Code states:

> (B) Requirement of notice to person summoned and to Secretary.--If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such

person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

Here, Petitioner failed to mail a copy of the petition to quash to Revenue Agent O'Boyle within 20 days of notice of summons. And because Petitioner failed to meet this requirement, the Court lacks subject matter jurisdiction to hear this case.

Second, the United States argues that Revenue Agent O'Boyle is not a proper party in this case and therefore the Court should dismiss him from the proceeding. The Supreme Court said that an executive department of the United States or one of its agencies may only be sued in its own name if Congress has expressly conferred upon it the authority to be sued. *Blackmar v. Guerre*, 342 U.S. 512, 514-15 (1952). Moreover, Congress has not authorized the Treasury Department or any of its divisions or bureaus to be sued. *Blackmar v. Guerre*, 342 U.S. at 404 citing *Henry Vlietstra Plastering & Acoustical Co. V. I.R.S.*, 401 F.Supp. 829, 832 (W.D.Mich.1975). Thus, neither the IRS nor its employees, here Revenue Agent O'Boyle, are a proper party in this case.

## Conclusion

This Court has reviewed Magistrate Judge McHargh's Report and Recommendation *de novo*, considering Petitioner's objections. Following a thorough evaluation of the record, this Court adopts Magistrate Judge McHargh's findings of fact and conclusions of law as its own.

Magistrate Judge McHargh thoroughly and exhaustively reviewed the case, and properly ruled in favor of the United States. Petitioner's objections raised no issues that had not previously been addressed in Magistrate Judge McHargh's Report and Recommendation. The

Report and Recommendation (ECF #6) is hereby ADOPTED.

IT IS SO ORDERED.

*[signature]*

DONALD C. NUGENT
United States District Judge

DATED: July 31, 2014